STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-299


JAYCE ALLEN CAMPBELL

VERSUS

KAYLEE LYNN FRYE VEILLON


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-2018
HONORABLE WILLIAM J. CUTRERA, DISTRICT JUDGE

**********

**CANDYCE G. PERRET**
**JUDGE**

**********

Court composed of Candyce G. Perret, Jonathan W. Perry, and Charles G. Fitzgerald,
Judges.


**APPEAL DISMISSED.**

**Emily Wagner**
**934 Garden Drive**
**Westlake, LA   70669**
**(337) 661-9877**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Jayce Allen Campbell**

**Dustan J. Abshire**
**Krissy J. Dupre**
**Abshire Law Firm, LLC**
**334 Kirby Street**
**Lake Charles, LA   70601**
**(337) 419-2024**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Kaylee Lynn Frye Veillon**

**PERRET, Judge.**

Appellant, Jayce Allen Campbell, appeals the trial court's Judgment of Involuntary Dismissal, which dismissed his "ExParte Petition for Temporary Custody." After reviewing the judgment, we conclude that this court lacks appellate jurisdiction, and we decline to exercise supervisory jurisdiction in this case.

**FACTUAL AND PROCEDURAL BACKGROUND:**

The parties share two minor children, A.C. and D.C., born in 2010 and 2012, respectively. The parties never married but cohabited until approximately August of 2012.

On May 20, 2014, Mr. Campbell filed a "Petition Applying for Ex Parte Temporary Custody" seeking sole custody of the children with Appellee, Kaylee Lynn Frye Veillon, being permitted supervised visitation and restricting Ms. Veillon from removing the children from Calcasieu Parish. This marked the first filing between the parties. The Order was signed placing the children in Mr. Campbell's custody and scheduling a rule to show cause hearing regarding granting Mr. Campbell sole custody, or, alternatively, joint custody.

On June 12, 2014, the parties entered a Stipulated Judgment, signed by the court, giving both parties joint custody of the children and designating Mr. Campbell as the domiciliary parent.

The parties operated pursuant to the Stipulated Judgment until September 24, 2019, when Ms. Veillon filed a "Petition for Ex-Parte Temporary Sole Custody." Therein, she made several allegations including that Mr. Campbell was incarcerated due to contempt stemming from a child desertion charge, that the Department of Children and Family Services had an open case against Mr. Campbell, and that Mr. Campbell was on probation for domestic abuse battery and child endangerment. The

petition was granted on September 25, 2019, and a rule to show cause hearing was set for October 17, 2019, regarding granting Ms. Veillon sole custody. Service was requested on Mr. Campbell at "Calcasieu Correctional Center."

The day of the hearing, Mr. Campbell filed an "Answer to Petition for Ex-Parte Custody" requesting the September 25, 2019 Order be overturned and the stipulated judgment be reinstated. Mr. Campbell alleged the DCFS investigation was completed, he was released from jail, completed his probation for domestic abuse battery, and that it would be in the children's best interest to return home.

A minute entry dated October 17, 2019, states that the parties appeared for a hearing on "various rules filed on behalf of the parties[.]" The entry continues:

> A stipulated agreement is dictated to the Court Reporter and recognized by the Court as to visitation, Status Conference set for February 13, 2020 . . . and a Trial date set for June 15, 2020. . . Protective Order to be extended, parties waive delays . . . . Formal decree to be signed upon presentation[.]

The trial court signed a judgment on November 20, 2019, in which the "parties agreed" Mr. Campbell would have visitation supervised by Jan Caniff, a relative, but decreeing that "all other orders remain in full force and effect." The trial date was later continued at the request of Mr. Campbell.

Thereafter, nothing was filed into the record for approximately three- and one-half years. A minute entry dated January 19, 2021, states, "This matter comes before the Court for Trial on the merits, same being regularly fixed." The entry indicates neither party appeared, and the matter was passed without date.

On January 18, 2024, Mr. Campbell filed an "Exparte Petition for Temporary Custody." He sought "temporary sole custody . . . until a hearing [could] be held to determine whether it is in [the children's] best interest for Jayce Campbell to have sole custody[.]" He asserted it was in the children's best interest to be in his sole

custody because both Ms. Veillon and her husband were arrested for domestic abuse battery, and Ms. Veillon was also arrested for resisting arrest by force and battery on an officer. The court issued an Order placing the children with Mr. Campbell and setting a rule to show cause hearing for February 6, 2024.

Prior to the rule to show cause hearing, Ms. Veillon filed an "Answer and Reconventional Demand" on February 2, 2024. Though admitting the parties were granted joint custody of the children in 2019 and that she and her husband were arrested, she detailed reasons why the children should be returned to her sole custody with Mr. Campbell exercising visitation as provided for in the November 19, 2019 Judgment. Alternatively, she proposed a 50/50 custody plan. The court ordered Mr. Campbell to show cause on March 7, 2024, why custody of the children should not remain the same as stated in the November 19, 2019 Judgment or, alternatively, be altered to 50/50 custody.

On February 6, 2024, the rule to show cause hearing was held on Mr. Campbell's "Exparte Petition for Temporary Custody." Mr. Campbell called witnesses to testify, including himself, his mother, and Ms. Veillon. Both Mr. Campbell and Ms. Veillon testified that they were operating under an agreed-to-custody arrangement, which, apparently, was mistakenly not filed with the court. Under this agreement, the parties had joint custody with Ms. Veillon as domiciliary parent. As Mr. Campbell was working out of state, he testified he was given the children for one to two weeks at a time when he would come home on a break or for holidays. Mr. Campbell further admitted that when an ex parte judgment was rendered in 2019 giving Ms. Veillon sole custody, he was in jail due to a probation violation. He explained that around 2018, "or it might have been before that[,]" he pled guilty to a charge of domestic violence against Ms. Veillon. He admitted to the

3

court that the incident occurred while the children were present. He was out on probation in 2019 when he was then arrested and his probation revoked. Therefore, he had to finish his domestic violence sentence at that time. Mr. Campbell also provided testimony regarding the events precipitating the current ex parte motion and admitted the Computer Assisted Dispatch report regarding the domestic battery call at Ms. Veillon's address into evidence.

At the conclusion of Mr. Campbell's case-in-chief, Ms. Veillon moved for involuntary dismissal of the ex parte petition based on the applicability of La.R.S. 9:364, and the trial court agreed. Louisiana Revised Statutes 9:364 creates a presumption that, in this case, Mr. Campbell shall not be awarded sole or joint custody of the children because of the trial court's finding of a history of perpetrating family violence. The trial court also found the presumption had not been overcome; thus, Mr. Campbell was prohibited from being awarded sole or joint custody of the children.

The trial court provided oral reasons and tasked Ms. Veillon's counsel with preparing the judgment. Judgment following the hearing was signed on March 12, 2024. The judgment dismissed the ex parte petition filed by Mr. Campbell, ordered both parties to submit to a drug screen, and assessed Mr. Campbell with court costs. The judgment did not mention the custody arrangement, despite the trial court's oral ruling indicating that the ex parte motion was "basically being denied at this point" and custody is "being reverted back to [the] 2019 judgment."

On March 5, 2024, Mr. Campbell filed an "Answer Opposing Reconventional Demand and Counterclaim." Therein, he asserted he and Ms. Veillon had been following an agreed upon custody and visitation plan since 2021, giving both parties joint custody and Ms. Veillon domiciliary parent status, even though the agreement

4

was never filed in the court. Mr. Campbell further requested that the court apply the new version of La.R.S. 9:341 to Ms. Veillon in reviewing her prior arrests. In his counterclaim he further seeks sole custody of the children with supervised visitation granted to Ms. Veillon due to her two domestic violence child endangerment episodes, that Ms. Veillon submit to an anger management program and a mental health evaluation, be cast with costs, or, alternatively, that the parties be awarded shared custody.

In response, Ms. Veillon filed a "Peremptory Exception of Res Judicata" asserting that the counterclaim seeking sole custody in favor of Mr. Campbell is res judicata as the argument in support is based on the same allegations asserted in his prior ex parte petition for temporary custody, which was dismissed by the trial court's March 12, 2024, Judgment of Involuntary Dismissal.

The trial court heard the exception motion on May 2, 2024, wherein it denied Mr. Campbell's attorney the opportunity to argue in opposition. Judgment on this ruling was not signed until June 18, 2024.

On May 3, 2024, Mr. Campbell filed a "Motion for Appeal" appealing "the Judgment rendered on February 6, 2024, signed on the 12th day of March, 2024."

On June 18, 2024, the trial court granted the peremptory exception of res judicata.

The record on appeal was supplemented by Mr. Campbell with the transcript of the hearing and the judgment. However, there is no motion for appeal of this judgment in the record. Thus, this judgment and any issues pertaining to it are not before this court.

On appeal, Mr. Campbell asserts five assignments of error:

1. The court erred in denying the Ex Parte petition at the February 6, 2024 hearing when the Appellee / defendant had pending charges of Domestic Abuse Child Endangerment, Resisting Arrest with force and violence, and battery on a police officer as well as testimony showing a pattern of domestic violence between the Appellee and her husband, Douglas Veillon.

2. After Dismissing the Ex Parte Order, the court should have adhered to La. C.C.P 3945 (F) and based the custody/visitation decision on 2024 circumstances rather than reinstating the flawed and unjust November 19, 2019 "Judgment."

3. The court erred in ordering that the parties would be ruled by the September 24, 2019 Sole Custody order which was null and void under CCP 3945 and which was incorporated into the November 19, 2019 "Judgment."

4. The Court should not have violated Appellant's constitutional right to not be subject to Ex Post Facto application of Penal laws.

5. The court abused its authority by denying Appellant's right to argue in the hearing on the Peremptory Exception.[1]

**DISCUSSION:**

Before we can review Mr. Campbell's assignments of error, we must determine whether this court has appellate jurisdiction. Before the court was the relief prayed for in Mr. Campbell's ex parte motion for temporary sole custody of the children pursuant to La.Code Civ.P. art. 3945.

Louisiana Code of Civil Procedure Article 3945 provides:

A. The injunctive relief afforded either party to an action for divorce or other proceeding which includes a provision for the temporary custody of a minor child shall be governed by the additional provisions of this Article.

---

[1] Appellant's fifth assignment of error pertains to a hearing that occurred after the judgment that has been appealed and, thus, will not be addressed by this court. The hearing resulted in a judgment granting Appellee's peremptory exception of res judicata. That judgment is not before us. The only judgment appealed was rendered and signed on March 12, 2024, and pertained to a hearing held on February 6, 2024. Despite Appellant supplementing the appellate record with the res judicata judgment signed June 18, 2024, and transcript of the hearing held on May 2, 2024, that information is lagniappe as it does not pertain to the judgment appealed.

6

B. An ex parte order of temporary custody of a minor child shall not be granted unless:

(1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury will result to the child before the adverse party or his attorney can be heard in opposition.

(2) The applicant's attorney certifies to the court, in writing, either:

(a) The efforts which have been made to give the adverse party reasonable notice of the date and time such order is being presented to the court.

(b) The reasons supporting his claim that notice should not be required.

C. An ex parte order of temporary custody shall:

(1) Expire by operation of law within thirty days of signing of the order; however, the order may be extended for good cause shown at any time before its expiration for one period not exceeding fifteen days.

(2) Provide specific provisions for temporary visitation by the adverse party of not less than forty-eight hours during any fifteen-day period, unless the verified petition or supporting affidavit clearly demonstrates that immediate and irreparable injury will result to the child as a result of such visitation.

(3) Be endorsed with the date on which the ex parte order is signed and the date and hour of the rule to show cause.

D. The rule to show cause why the respondent should not be awarded the custody, joint custody, or visitation of the child shall be assigned for hearing not more than thirty days after signing of the ex parte order of temporary custody.

E. Any ex parte order not in compliance with the provisions of this Article is not enforceable, and is null and void.

F. In the event an ex parte order of temporary custody is denied, the court shall specifically allocate between the parents the time which the child shall spend with each parent at the hearing on the rule to show cause set pursuant to Paragraph D of this Article, unless immediate and irreparable injury will result to the child.

G. The provisions of this Article do not apply to any order of custody of a child requested in a verified petition alleging the applicability of the Domestic Abuse Assistance Act, R.S. 46:2131 et seq., Children's Code Article 1564 et seq., or the Post-Separation Family Violence Relief Act, R.S. 9:361 et seq.

Mr. Campbell sought sole custody until a hearing could be held to determine whether it was in the children's best interest to remain in Mr. Campbell's sole custody.

"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La.Code Civ.P. art. 1841. "An interlocutory judgment is appealable only when expressly provided by law." La.Code Civ.P. art. 2083(C).

An ex parte order granting temporary custody is, generally, not immediately appealable. A Primer on Child Custody in Louisiana, 65 Loy. L. Rev. 1, 26 (2019). While some jurisprudence has stated a final, appealable judgment is entered after the La.Code Civ.P. art. 3945(D) adversarial hearing, said statement was made in dicta. *See Id*. and *Varner v. Varner*, 22-1166 (La.App. 1 Cir. 2/24/23), 361 So.3d 528. We disagree, considering the following and the procedural posture of this case.

Louisiana Code of Civil Procedure Article 3945 permits ex parte custody orders when the child may suffer from immediate and irreparable injury, which in effect permits the court to divest a parent of their custody without notice or a hearing. "The liberty interest at issue . . . the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 2060 (2000). Thus, an expedited hearing within thirty days is required to balance the child's safety with the interest of parents. Said hearing is provided for in La.Code Civ.P. art. 3945(D).

The expedited hearing is not one to modify permanent custody. Instead, it stabilizes the custodial situation with a temporary order until a hearing or trial on the merits or permanent custody can be held.

We are further justified in our conclusion that this is only a temporary order and not a final appealable judgment because, if it were a final custody judgment, traditional standards to modify custody would apply, such as the *Bergeron* standard. The judgment would also have the effect of res judicata for all matters actually litigated. *See* La.R.S. 13:4232(B). In other words, the expedited hearing under La.Code Civ.P. art. 3945(D) would replace the trial on permanent custody, and any set trial would be rendered meaningless. We do not agree that this is the law.

In this case, Mr. Campbell sought temporary custody pursuant to La.Code Civ.P. art. 3945. The children were placed in their father's custody by the Order signed on January 29, 2024, until the rule to show cause hearing set for February 6, 2024, could be held to determine whether Mr. Campbell should be granted sole custody "until further orders of this court."

The transcript of the hearing revealed the issue before the court:

> **MR. ABSHIRE**: . . . . my understanding . . . this is just a hearing for the emergency part of the ex parte.
>
> **THE COURT**: That is correct.
>
> **MR. ABSHIRE**: So I want to make sure that Ms. Wagner understands the parameters in which we're in. This isn't a custody trial and that we're here for the immediate and irreparable harm part of the ex parte as to the witnesses that will be called to testify.

The court was only considering whether to extend the original ex parte order until further orders of the court. We acknowledge that the trial court applied La.R.S. 9:364 in determining Mr. Campbell's custody rights and the emergency nature of the ex parte motion. This may appear to determine Mr. Campbell's custody rights with

9

finality. As stated above, after Mr. Campbell's case-in-chief and his testimony regarding pleading guilty to domestic violence in 2018, opposing counsel moved for an involuntary dismissal asserting that, pursuant to La.R.S. 9:364, there is a presumption that Mr. Campbell shall not be awarded sole custody of the children. The trial court agreed. However, we do not find that a final determination resulted.

Louisiana Revised Statute 9:364 (emphasis added)[2] provides:

[2] This statute was amended and became effective May 23, 2018. It is not clear based on Mr. Campbell's testimony when the domestic violence occurred, when he was charged, or when he pled guilty to domestic violence. However, the prior version of the statute contained substantially the same language that is applicable to the case herein. However, the current version of the statute added "domestic abuse and sexual abuse as additional reasons to restrict the rights of an abusive parent in families with a history of family violence." *Baker v. Perret*, 19-1692, p. 9 (La.App. 1 Cir. 8/27/22), 349 So.3d 594, 601 n.6, *writ denied*, 22-1444 (La. 11/1/22), 349 So.3d 1. The pertinent part or the prior version is as follows:

A.      There is created a presumption that no parent who has a history of perpetrating family violence shall be awarded sole or joint custody of children. The court may find a history of perpetrating family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence. The presumption shall be overcome only by a preponderance of the evidence that the perpetrating parent has successfully completed a court-monitored domestic abuse intervention program as defined in R.S. 9:362, is not abusing alcohol and the illegal use of drugs scheduled in R.S. 40:964, and that the best interest of the child or children requires that parent's participation as a custodial parent because of the other parent's absence, mental illness, or substance abuse, or such other circumstances which affect the best interest of the child or children. The fact that the abused parent suffers from the effects of the abuse shall not be grounds for denying that parent custody.

B.      If the court finds that both parents have a history of perpetrating family violence, custody shall be awarded solely to the parent who is less likely to continue to perpetrate family violence. In such a case, the court shall mandate completion of a court-monitored domestic abuse intervention program by the custodial parent. If necessary to protect the welfare of the child, custody may be awarded to a suitable third person, provided that the person would not allow access to a violent parent except as ordered by the court.

C.      If the court finds that a parent has a history of perpetrating family violence, the court shall allow only supervised visitation with that parent, conditioned upon that parent's participation in and completion of a court-monitored domestic abuse intervention program. Unsupervised visitation shall be allowed only if it is shown by a preponderance of the evidence that the violent parent has completed a treatment program, is not abusing alcohol and psychoactive drugs, and poses no danger to the child, and that such visitation is in the child's best interest.

A. There is created a presumption that no parent who has a history of perpetrating family violence, as defined in R.S. 9:362,[3] or domestic abuse, as defined in R.S. 46:2132,[4] or has subjected any of his or her children, stepchildren, or any household member, as defined in R.S. 46:2132, to sexual abuse, as defined in R.S. 14:403, or has willingly permitted another to abuse any of his children or stepchildren, despite having the ability to prevent the abuse, shall be awarded sole or joint custody of children. The court *may* find a history of perpetrating family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence.

B. The presumption shall be overcome only if the court finds all of the following by a preponderance of the evidence:

(1) The perpetrating parent has successfully completed a court-monitored domestic abuse intervention program as defined in R.S. 9:362, or a treatment program designed for sexual abusers, after the last instance of abuse.

(2) The perpetrating parent is not abusing alcohol or using illegal substances scheduled in R.S. 40:964.

(3) The best interest of the child or children, considering the factors listed in Civil Code Article 134, requires the perpetrating parent's participation as a custodial parent because of the other parent's absence, mental illness, substance abuse, or other circumstance negatively affecting the child or children.

---

"Family violence" under the prior version of the statute, was defined as including but not limited to "physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injuring and defamation, committed by one parent against the other parent or against any of the children." La.R.S. 9:362(4)(2017).

[3] "Family violence" is defined by La.R.S. 9:362(4) as including but not limited to:

physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligence injuring and defamation, committed by one parent against the other or against any of the children. Family violence does not include reasonable acts of self-defense utilized by one parent to protect himself or herself or a child in the family from the family violence of the other parent.

[4] "Domestic abuse" is defined by La.R.S. 46:2132(3) as including but not limited to:

physical or sexual abuse and any offense against the person, physical or non-physical, as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family member, household member, or dating partner against another. "Domestic abuse" also includes abuse of adults as defined in R.S. 15:1503 when committed by an adult child or adult grandchild.

C. The fact that the abused parent suffers from the effects of the abuse shall not be grounds for denying that parent custody.

**D. If the court finds that both parents have a history of perpetrating family violence, custody shall be awarded solely to the parent who is less likely to continue to perpetrate family violence. In such a case, the court shall mandate completion of a court-monitored domestic abuse intervention program by the custodial parent. If necessary to protect the welfare of the child, custody may be awarded to a suitable third person pursuant to Civil Code Article 133, provided that the person would not allow access to a violent parent except as ordered by the court.**

E. If the court finds that a parent has a history of perpetrating family violence, the court shall allow only supervised child visitation with that parent pursuant to R.S. 9:341.

F. If any court finds, by clear and convincing evidence, that a parent has sexually abused his or her child or children, the court shall prohibit all visitation and contact between the abusive parent and the children pursuant to R.S. 9:341.

Thus, the above statute leaves the door open to the possibility that a parent to whom the statute applies may continue to have custody if both parents "have a history of perpetrating family violence" and that parent is the one "who is less likely to continue to perpetrate family violence." La.R.S. 9:364(D).

At the time the trial court rendered its oral ruling on February 6, 2024, still pending was Ms. Veillon's "Answer and Reconventional Demand" for sole custody, with a rule to show cause hearing set for March 7, 2024, and Mr. Campbell's "Answer Opposing Reconventional Demand and Counterclaim" wherein he requested the court apply La.R.S. 9:341 to Ms. Veillon due to her domestic violence and child endangerment episodes and sought sole custody. The written judgment signed March 12, 2024, dismissed Mr. Campbell's ex parte petition and ordered both parties to submit to a drug screen. The written judgment did not mention a custody arrangement. Furthermore, it appears a hearing was set for March 7, 2024, with a hearing officer, which was continued and rescheduled for April 4, 2024.

12

Therefore, whether Mr. Campbell can or should, in fact, be awarded custody is still a matter for the court to consider based on the above motions and application of La.R.S. 9:364. Accordingly, we conclude the dismissal of Mr. Campbell's ex parte petition was a non-appealable interlocutory judgment.

Lastly, there are times when this court decides to convert appeals to applications for supervisory writ. In this case, Mr. Campbell did not file his appeal within the delay for applying for supervisory relief, and we further decline to exercise our discretion to convert the appeal to a supervisory writ, in this case.

**DECREE:**

For the foregoing reasons, Jayce Allen Campbell's appeal of the trial court's Judgment of Involuntary Dismissal is dismissed for lack of appellate jurisdiction. Costs of this appeal are assessed to Appellant, Jayce Allen Campbell.

**APPEAL DISMISSED.**